IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Kent D. Stuckey,                  :

    Plaintiff,              :

  v.                              :        Case No. 2:08-cv-1188

Online Resources Corporation,     :        JUDGE HOLSCHUH

    Defendant.              :


ORDER

This case is before the Court to consider the motion for leave to amend the complaint filed by plaintiff Kent Stuckey. This matter has been fully briefed. For the following reasons, the motion for leave to amend (#31) will be granted.

### I. Background

The background of this case was set forth in the Court's order filed December 11, 2009, and will not be repeated in full detail here. Briefly, however, this case arises from the merger between Internet Transaction Solutions, Inc. and defendant Online Resources Corporation and ORC's alleged breach of the merger agreement. For purposes of the amended complaint, the relevant allegations include the following.

The merger agreement was signed on July 26, 2007, and the closing occurred on August 10, 2007. Under the merger agreement, ITS shareholders could elect to receive payment for their shares either in cash or ORC stock, or both. As an inducement for the ITS shareholders to elect to receive shares of ORC, ORC agreed to file a registration statement with the SEC directed to the resale of ORC stock. This registration statement was to be filed within ninety days of the closing to allow the ORC shares to become unrestricted or freely tradable.

Also, under the agreement, ORC was obligated to protect the ITS shareholders from the stock's loss of value. To this end, within one year of the agreement's closing date, ORC was to issue additional shares or pay cash to compensate for any loss of value in the shares issued at closing. According to Mr. Stuckey, based on representations that the stock would be freely tradable within a short time period, the stockholders exercised their price protection rights on May 10, 2008. Mr. Stuckey asserts that, by the time many shareholders were able to freely trade their shares, the stock price had declined.

Mr. Stuckey was named the representative of the former ITS shareholders and filed this suit in his representative capacity. Mr. Stuckey also was a named individual plaintiff in an action filed in this Court in October, 2008, relating to the merger. See Internet Transaction Solutions, LLC v. Online Resources Corporation, Case No. 2:08-cv-1025. That case was voluntarily dismissed pursuant to Fed.R.Civ.P. 41.

In the original complaint filed in this case, Mr. Stuckey asserted claims of breach of contract, breach of fiduciary duty, negligent misrepresentation, and wrongful termination of the ITS profit sharing plan as well as a declaratory judgment claim. The Court dismissed all claims on defendant's Rule 12(b)(6) motion except for the breach of contract claim resulting from ORC's failure to file a registration statement and have it declared effective. The deadline for amending the complaint was November 1, 2009.

## II. The Motion for Leave to Amend

In his motion for leave, Mr. Stuckey seeks to amend the complaint for two reasons. First, Mr. Stuckey wishes to assert counts of common law fraud and securities fraud which he claims have just come to light just recently. Further, Mr. Stuckey seeks to allege additional facts in support of his previously

dismissed claim relating to ITS' profit sharing plan.

Mr. Stuckey asserts that he has cured the defects in his previously dismissed claim by identifying the source of ORC's obligation with respect to the profit sharing plan at paragraphs 113-120 of the amended complaint. Briefly, Mr. Stuckey has alleged that ITS was merged out of existence and ORC's acquisition subsidiary is the legal successor to the rights and obligations of ITS.

The proposed fraud claims arise from alleged material misrepresentations and non-disclosures surrounding the filing of the registration statement. According to Mr. Stuckey, ORC assured the shareholders that there were no obstacles to the timely filing of a registration statement or to having the statement declared effective. He claims that he has recently learned, however, that an SEC review of ORC's 2006 10-K Annual Report had been undertaken in June, 2007, approximately one month before the closing. The proposed amended complaint asserts that this SEC review prevented ORC from having the registration statement declared effective and that ORC knew this when it represented to the shareholders that there were no issues relating to the stock's registration. According to the proposed amended complaint, this misrepresentation was material to the shareholders' election to take ORC stock in lieu of cash at the time of closing because they had no reason to believe their ability to freely trade the stock would be delayed. Further, the amended complaint alleges that ORC's failure to alert the shareholders of the pending SEC review constitutes fraudulent non-disclosure.

According to Mr. Stuckey, the issue of when this SEC review was undertaken is central to this case. As he explains, ORC's primary defense is that it was precluded from meeting its stock registration obligations as a result of this SEC review.

However, Mr. Stuckey contends, crucial to this defense is ORC's position that the review was not undertaken until after the closing.

Mr. Stuckey asserts also that, ORC's general counsel made certain representations relating to the intent to file the S-1 registration by May 10, 2008 at the latest. Based upon these representations, shareholders exercised price protection rights on that date with the expectation that the stock quickly would be registered and freely tradeable. The proposed amended complaint asserts that such a statement of intent could not possibly have been true.

ORC opposes the proposed amendments on two grounds - untimeliness and futility. Because the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that any prior date for the filing of a motion for leave to amend either has been met or is properly extended under the good cause provisions of Rule 16(b), the Court will address ORC's timeliness argument first.

### A. Rule 16(b)

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires. However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" Commerce Benefits Group, Inc v. McKesson Corp., 326 Fed. Appx. 369 (6th Cir. 2009)(quoting Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003)); see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003). Consequently,

the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

Mr. Stuckey claims that he has good cause for amending the complaint past the deadline because the facts supporting the claims were not discovered until after the deadline - a situation for which he maintains ORC bears responsibility. In fact, Mr. Stuckey contends, much of this information was not discovered until he undertook an independent investigation of SEC records. Mr. Stuckey states that he undertook such an investigation in light of ORC's failure to produce any documents relating to the SEC review even though, in a sworn interrogatory response, ORC had stated that an SEC review was undertaken in the fall of 2007. According to Mr. Stuckey, ORC produced its second set of documents on November 15, 2009, and confirmed by email on January 22, 2010, that its production was complete. Following this confirmation, he began his own investigation.

Further, Mr. Stuckey asserts that the information relating to the price protection election came to light when no draft documents addressed to the filing of the registration statement were produced in discovery. As explained by Mr. Stuckey, if ORC fully intended to file as stated, draft documents would have to exist.

In addition to asserting good cause, Mr. Stuckey contends that denial of the amendments would result in great prejudice and would reward ORC for its alleged concealment of the facts supporting his fraud claims.

To the contrary, ORC asserts the proposed amendments are untimely because the facts on which they are based were publicly available and known to Mr. Stuckey more than two years prior to

5

the amendment deadline.  ORC asserts that, to the extent Mr. Stuckey contends that he discovered the review based on his own investigation of SEC records, he could have undertaken such an investigation before filing his complaint in the previous action or his complaint in this one.  Further, ORC argues that allegations in paragraph 34 of the proposed amended complaint itself indicate that the review was disclosed to at least one former ITS stockholder and counsel for the former ITS stockholders in August and September, 2007.  As prejudice, ORC contends that it is late in the discovery process and allowing the proposed amendments would require additional discovery to address the issues raised.  ORC also questions Mr. Stuckey's motive for seeking to amend the complaint.

The Court finds that Mr. Stuckey has demonstrated good cause for his failure to seek leave to amend prior to the deadline of November 1, 2009.  As he indicates, he had no reason prior to the completion of discovery in this case to undertake his own investigation.  Further, to the extent that ORC argues that the proposed amended complaint indicates prior knowledge, the Court is not persuaded by ORC's interpretation of the allegations.  Moreover, and equally as significant, ORC has not pointed to any significant prejudice it will suffer that might dissuade the Court from simply proceeding with an analysis of Mr. Stuckey's motion under Rule 15(a).

### B. Rule 15(a)

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321

(1971), decisions which give substantial meaning to the "when justice so requires." In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:
> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

<u>Phelps v. McClellan</u>, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing <u>Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau</u>, 786 F.2d 101, 103 (2d Cir. 1986)). <u>See also Moore v. City of Paducah</u>, 790 F.2d 557 (6th Cir. 1986); <u>Tefft v. Seward</u>, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, <u>see Duchon v. Cajon Co.</u>, 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. <u>General Electric Co. v. Sargent and Lundy</u>, 916 F.2d 1119, 1130 (6th Cir. 1990); <u>see also Davis v. Therm-O-Disc, Inc</u>., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of

7

additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

As noted above, ORC opposes the proposed amendments on grounds of futility. However, there is some conceptual difficulty presented by this argument. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed.

With respect to the breach of contract claim in relation to the profit sharing plan, ORC contends that Mr. Stuckey remains unable to state a claim. According to ORC, the plain language of the merger agreement establishes that it was ITS' responsibility

8

to terminate the plan.

ORC has challenged the fraud claims on several grounds. With respect to the fraudulent inducement claim relating to the SEC review, ORC argues that it is time-barred and substantively inadequate. According to ORC, this claim is time-barred because O.R.C. §1707.43(b) does not contain a discovery rule and provides for a two-year statute of limitations. With respect to the substance of this claim, ORC contends that the evidence on which Mr. Stuckey relies to support his claim was publicly available all along and that the SEC review is not material. ORC also argues that it did not breach its obligations under the merger agreement because the review was not an investigation and, therefore, not an impediment to the timely filing of a registration statement.

As for Mr. Stuckey's fraud claim relating to the price protection issue, ORC argues that the agreement itself excludes reliance on the representations alleged. To the extent Mr. Stuckey's allegations relate to electronic mail messages, ORC argues that these representations were not "in writing and signed by a duly authorized officer" as required by the agreement. Further, ORC contends that the false representations Mr. Stuckey alleges are statements of future intent only and, as such, cannot give rise to a fraud claim. ORC also asserts that, under the terms of the agreement, Mr. Stuckey is entitled only to indemnification and not lost profits or consequential damages.

With respect to both fraud claims, ORC contends that these are not claims that Mr. Stuckey can bring in a representative capacity. According to ORC, these claims involve factual issues specific to each stockholder. Further, ORC argues that, in the event Mr. Stuckey were to prevail, there is no procedure for stockholders other than him to receive any proceeds from any judgment.

Mr. Stuckey has filed a thirty-page reply vigorously challenging every one of ORC's arguments urging denial of the motion for leave to amend. The Court finds that Mr. Stuckey has made a substantial argument regarding each of his proposed claims. Further, as set forth above, ORC has not demonstrated any undue prejudice it will suffer if the motion is granted. Moreover, despite ORC's suggestions to the contrary, the Court is not persuaded that there is any evidence in this record that Mr. Stuckey is acting in bad faith. Under these circumstances, the Court believes that it is a better exercise of discretion to permit the proposed amended complaint to be filed. Certainly, ORC is free to challenge the amended complaint by way of a motion to dismiss should it so choose. Consequently, the motion to amend will be granted.

### III. Disposition

For the foregoing reasons, the motion for leave to amend (#31) is granted. The plaintiff shall file a signed copy of the amended complaint identical to the one attached to the motion for leave within ten days.

### IV. Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge