**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENT D. STUCKEY,** | : | |
| | : | **Case No. 2:08-CV-1188** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **ONLINE RESOURCES CORPORATION,** | : | **Magistrate Judge Terence Kemp** |
| | : | |
| **Defendant.** | : | |

**FINAL JUDGMENT**

## I. INTRODUCTION

Plaintiff Kent Stuckey's ("Plaintiff" or "Stuckey"), acting on behalf of the stockholders of Internet Transaction Solutions, Inc. (the "ITS Stockholders"), brought this action against Defendant Online Resource Corporation's ("Defendant" or "ORC") in 2008. For the reasons set forth below, and in this Court's opinion and order dated November 9, 2012 (the "November 9 Opinion"), (Doc. 129), the Court now enters **JUDGMENT** for Plaintiff and **AWARDS** Plaintiff damages and prejudgment interest totaling **$18,075,494.34**.

## II. BACKGROUND

After a lengthy bench trial, this Court issued its November 9 Opinion, which set forth the procedural history and facts of this case and found for Stuckey on Plaintiff's claims for breaches of a merger agreement and violations of the Ohio Securities Act. The November 9 Opinion ordered Plaintiff to make an election of remedies, and instructed that, once made, the Court would enter final judgment as follows:

1. Damages to be elected based on one of the following:

   a. *Breach of the merger agreement for failure to register [Buyer Stock]:*

Compensatory damages in the amount of $14,754,625.77, plus prejudgment interest from December 23, 2008 until the date of this Opinion and Order [November 9, 2012], in the amount of $3,150,417.21;

OR

b. *Violation of Ohio Securities Act:* $24,713,061.00 plus all taxable court costs as provided in O.R.C. [§] 1707.43;

2. Damages for breach of the merger agreement from miscalculating price protection in May 2008 in the amount of $77,839.91, plus prejudgment interest from December 23, 2008 until the date of this Bench Opinion [November 9, 2012], in the amount of $16,620.43.

(Doc. 129 at 54-55.)

On November 13, 2012, Defendant filed a motion to clarify the November 9 Opinion's prescribed remedy for violations of the Ohio Securities Act. (Doc. 130.) This Court issued an opinion and order on December 7, 2012 (the "December 7 Opinion"), denying Defendant's motion. (Doc. 134.) In that opinion, the Court stated that, although rescission under Ohio Securities Act § 1707.43 would require ORC "to accept the tender [of Buyer Stock] it previously rejected," Plaintiff would not need to take any further action to trigger Defendant's obligation to pay § 1707.43 damages. (*Id*. at 5.) The December 7 Opinion extended Plaintiff's deadline to make an election of remedies.

On December 11, 2012, Plaintiff elected to remedy his losses from ORC's failure to register Buyer Stock through damages for breach of the merger agreement, rather than through rescission under the Ohio Securities Act. (Doc. 135.)

## III. LAW AND ANALYSIS

As described in this Court's November 9 Opinion, recovery for breach of the merger agreement includes both compensatory damages and prejudgment interest. (Doc. 129 at 52-53.) Delaware law, which governs prejudgment interest in this case, calculates such interest "from the

date payment was due" until "the entry of judgment." *Moskowitz v. Mayor & Council of Wilmington*, 391 A.2d 209, 210 (Del. 1978). This Court's previous prejudgment interest calculations used November 9 – the date of its opinion and order – as the date on which judgment was entered. (Doc. 129 at 52-53.) In light of the delayed issuance of final judgment, however, the Court now recalculates the required prejudgment interest using December 13, 2012, the date of this judgment, as the end date of the accrual period.[1]

Accordingly, the Court now finds that, given Plaintiff's election of remedies, Plaintiff is entitled to the following:

1. Damages for breach of the merger agreement for failure to register Buyer Stock in the amount of $14,754,625.77,[2] plus prejudgment interest from December 23, 2008 until the date of this Judgment, in the amount of $3,226,009.44;

   AND

2. Damages for breach of the merger agreement for miscalculating price protection in May 2008 in the amount of $77,839.91,[3] plus prejudgment interest from December 23, 2008 until the date of this Judgment, in the amount of $17,019.22.

Plaintiff is therefore entitled to recovery in the total amount of $18,075,494.34.

## IV. CONCLUSION

For the reasons stated herein and in this Court's November 9 Opinion, this Court now enters **JUDGMENT** for Plaintiff and **AWARDS** Plaintiff **$18,075,494.34**, in accordance with the following:

1. Damages for breach of the merger agreement for failure to register Buyer Stock in the amount of **$14,754,625.77**, plus prejudgment interest from December 23, 2008 until the date of this Judgment, in the amount of **$3,226,009.44**;

[1] Prejudgment interest in this case accrues from December 23, 2008 at a simple, non-compounding rate of 5.5% per annum, or 0.0150685% per day. (Doc. 129 at 53 n.10.) The new accrual period is 1,451 days (the number of days between December 23, 2008 and December 13, 2012).
[2] *Id*. at 52.
[3] *Id*. at 53.

**AND**

2. Damages for breach of the merger agreement for miscalculating price protection in May 2008 in the amount of **$77,839.91**, plus prejudgment interest from December 23, 2008 until the date of this Judgment, in the amount of **$17,019.22**.

**IT IS SO ORDERED.**

**s/ Algenon L. Marbley**
**Algenon L. Marbley**
**United States District Judge**

**Dated: December 13, 2012**